[Cite as *In re Estate of Cardi*, 2016-Ohio-3.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF | : | JUDGES: |
| JANET M. CARDI, DECEASED | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 15-CA-25 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Licking County
                                  Probate Court, Case No. 20140728



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 January 4, 2016



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MICHAEL L. MILLER                     RICHARD C. SLAVIN
1011 Blind Brook Drive                891 Clubview Boulevard N.
Columbus, Ohio 43235                  Columbus, Ohio 43235

*Baldwin, J.*

{¶1} Appellant John Cardi appeals a judgment of the Licking County Probate Court approving the inventory filed by appellee Cheryl Testerman, the executor of the Estate of Janet M. Cardi.

STATEMENT OF FACTS AND CASE

{¶2} Janet Cardi died on August 7, 2014. Her estate was opened under case number 20140728 on September 19, 2014. Cheryl Testerman was appointed as the executor of the estate on November 19, 2014. She filed her inventory on February 19, 2015. One of the assets listed was an account receivable from Carl V. Cardi, III, in the amount of $558,800.00. The inventory hearing was scheduled for March 20, 2015. On March 23, 2015, the court approved the inventory, stating that no exceptions had been filed to the inventory.

{¶3} The estate filed a "memorandum contra to exceptions to inventory filed by John Cardi" on March 25, 2015. The memorandum recited that counsel for the estate received a non-filed copy of appellant's exceptions to the inventory claiming that Carl Cardi did not owe the estate $558,800.00. The memo further noted that appellant is an alleged creditor of Carl Cardi, and had filed a complaint to attach the share of Carl Cardi. The memo argued that the exceptions filed by appellant were untimely.

{¶4} The trial court filed a judgment on March 26, 2015, stating in pertinent part, "This Court finds that there were no timely exceptions to the inventory filed by any person in Case No. 2014-0728. There were what purports to be exceptions filed in Case No. 2014-0728A which is not the estate case but rather, is a civil complaint in equity filed on March 13, 2015 by John Cardi."

{¶5}    Appellant appealed both the March 26, 2015 entry and the March 23, 2015 entry which approved the inventory.  He assigns one error on appeal:

{¶6}    "THE PROBATE COURT ERRED IN FAILING TO ACCEPT APPELLANT'S EXCEPTION TO INVENTORY SO AS TO ALLOW APPELLANT TO DEMONSTRATE FRAUD IN SAID INVENTORY, AT A HEARING BEFORE THE COURT."

{¶7}    Appellant argues that pursuant to R.C. 2115.16, the time limit for filing exceptions to the inventory does not apply in the case of fraud.  He argues that his exceptions sounded in fraud, and therefore they were timely filed.

{¶8}    Appellant's purported exceptions to the inventory are not a part of the record before this Court on appeal.  According to the court's March 26, 2015, entry, it appears that appellant improperly filed his exceptions in Case No. 2014-0728A, his civil complaint in equity, rather than in Case No. 20140728, the estate case.  However, appellant has appealed from judgments in Case No. 20140728.  Therefore, the record before this Court does not include the exceptions filed by appellant because they were purportedly filed in a case from which appellant has not filed his notice of appeal, and as correctly noted by the court, there were no exceptions to the inventory filed in Case No. 20140728.  Because there were no exceptions filed in the estate case, the court did not err in approving the inventory and the record does not demonstrate appellant's claim of error.

{¶9}    The assignment of error is overruled.  The judgment of the Licking County Probate Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.